IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                          No. CR 21-1389 KG

SERGIO RUIZ,

    Defendant.

## SUMMARY ORDER RESULTING FROM PRETRIAL CONFERENCE

This matter comes before the Court on the following pretrial motions and other matters:

- United States' Notice of Intent to Offer Expert Testimony and MIL to Preadmit Jennifer Hight (Doc. 33), filed March 14, 2022.

- United States' Amended Notice of Intent to Offer Expert Testimony and MIL to Preadmit Joseph Montoya (Doc. 38), filed March 23, 2022.

- United States' Supplemental Notice of Intent to Offer Expert Testimony by DEA GS Joseph Montoya (Doc. 66), filed May 26, 2022.

- United States' Notice of Intent to Use 404(b) Evidence (Doc. 35), filed March 14, 2022.

- United States' Second Notice of Intent to Use 404(b) Evidence (Doc. 57), filed May 9, 2022.

- United States' Exhibit List (Doc. 73), filed May 31, 2022

On June 2, 2022, the Court held an in-person Pretrial Conference at which the Court provided counsel with its rulings on the motions and other filings. Present at the hearing were

1

Assistant United States Attorneys Joni Autrey Stahl and Randy Castellano. Also present was the Defendant, Sergio Ruiz, and his attorneys, Greg Garvey and Imtiaz Hossain.

Having considered the above motions and other filings, the argument of counsel, and the evidence presented, the Court finds and concludes the following, for the reasons stated on the record and elaborated herein:

1. Motion *in Limine* regarding expert testimony by Joseph Montoya.

Defendant having withdrawn his objections on the record, the Court grants the Government's Motion *in Limine* (Doc. 38). According to the proffered information, Joseph Montoya is qualified as an expert regarding typical indicia of drug activity.

2. Motion *in Limine* regarding expert testimony by Jennifer Hight.

Defendant having withdrawn his objections on the record, the Court grants the Government's Motion *in Limine* (Doc. 33). According to the proffered information, Jennifer Hight is qualified as an expert regarding her examination of the material seized from Mr. Ruiz and her conclusion that the substance is methamphetamine.

3. Rule 404(b) motion regarding prior vehicle scans.

The Government filed a Motion *in Limine* to admit evidence consisting of vehicle scans from one of Mr. Ruiz's prior border crossings. (Doc. 57). The drug evidence obtained in this case originated from a Customs and Border Protection search of Mr. Ruiz's vehicle at the Port of Entry at Columbus, New Mexico. *Id*. at 2. There, officers conducted an x-ray scan which revealed anomalies in a spare tire under Mr. Ruiz's truck. *Id*. A subsequent search of that tire revealed methamphetamine. *Id*.

The Government now wishes to present evidence via CBP Officer testimony that on previous occasions Mr. Ruiz crossed the border and x-ray scans from those crossings revealed

similar anomalies in the spare tire which were not inspected further. *Id.* at 6. This evidence, the Government argues, shows that Mr. Ruiz likely transported similar loads on prior occasions. *Id.*

At oral argument, Mr. Ruiz argued that the evidence of a prior scan should be excluded because the Government had not clearly explained what the prior crossings were probative of, and that if they were probative of a conspiracy, the Government could not prove that the prior anomalies were of different shipments of drugs.

The Court determines the proposed evidence is not a prior bad act which is properly considered under Rule 404. Rather, the Court construes the proposed evidence as direct evidence of the charged conspiracy. Therefore, the Court admits the evidence, and in this way it grants the Motion.

Mr. Ruiz's arguments about the reliability and probative value of the evidence are well taken but the Court concludes those considerations go to weight rather than admissibility and therefore are questions for the jury.

4. Rule 404(b) and Rule 609 evidence of Mr. Ruiz's prior convictions.

The Government filed two motions urging admission of evidence of past convictions. Though the Motions apply two different rules, they each consider the same evidence. Because evidence admitted to the jury in one context cannot be un-admitted in another, the Court considers the two motions together.

First, the Government filed a Motion *in Limine* to admit Mr. Ruiz's prior convictions for use its case in chief (Doc. 35). Those prior convictions are for possession of marijuana seized during border crossings in 1999 and 2014. *Id.* The Government contends that the prior convictions go to motive, intent, knowledge, and opportunity. *Id.* at 6–7. At oral argument the Government specified that the prior convictions go to intent to conceal and transport drugs across

the border and to showing Mr. Ruiz's role in a conspiracy as a drug courier. The Government further urges that the probative value is not substantially outweighed by unfair prejudice. *Id.* at 8.

Second, the Government filed a Motion *in Limine* to admit the same evidence via Rule 609 as impeachment evidence should Mr. Ruiz testify. (Doc. 36). The Government argues that the similarity of the past convictions makes them highly probative of Mr. Ruiz's credibility should he take the stand, and that the probativeness substantially outweighs its prejudicial effect. *Id.* at 4–5.

Regarding admission under Rule 404(b), Mr. Ruiz argues the Government does not articulate a specific proper purpose for admitting the evidence, that the age of the convictions undermines their relevance to knowledge or intent in this case, and that the prejudice to Mr. Ruiz of implying a propensity substantially outweighs any probative value. (Doc. 44).

Regarding admission under Rule 609, Mr. Ruiz contends that the prejudice outweighs the probative value and, alternatively, that if the evidence is admissible it should only be the fact of a prior felony and not the name of the crime. (Doc. 43).

Rule 404(b) prohibits the use of prior crimes to show propensity or a bad character. Prior act evidence may be admitted, however, if it goes to certain purposes, such as proving motive, opportunity, intent, etc. Fed. R. Civ. P. 404(b)(2). The Tenth Circuit considers four factors in determining the admissibility of Rule 404(b) evidence: (1) whether the evidence is offered for a proper purpose, (2) whether the evidence is relevant, (3) whether the probative value of the evidence is substantially outweighed by its prejudicial effect, and (4) whether a limiting instruction is given if the defendant so requests. *E.g.*, *United States v. Parker*, 553 F.3d 1309, 1313–1314.

Under Rule 609, evidence of a prior conviction must be admitted "if the court determines that the probative value of admitting the evidence outweighs the prejudicial effect to the accused[.]" Rule 609(a)(1)(B). But where a conviction is greater than 10 years old, there is heightened standard: evidence of the conviction is admissible only if "its probative value, supported by specific facts and circumstances, *substantially* outweighs its prejudicial effect[.]" Rule 609(b) (emphasis added).

Considering the similarity of the past conviction to the charged crime, the vast 23-year time gap, and the heightened standard imposed under Rule 609, the Court excludes the 1999 conviction for the risk of the jury interpreting it as propensity evidence. The Court concludes that the 2014 conviction, however, survives the balancing test under 609 and therefore is mandatorily admitted. Under 404(b) the Court determines similarly that the prior conviction goes to intent, plan, and directly to the conspiracy charge and also survives the 403 balancing test. For these reasons, the 2014 conviction is admitted. The Court notes that under Rule 609, there are limitations on the substance which is admissible and directs the Government to adhere to those restrictions even if eliciting testimony under Rule 404(b). The Government shall submit two limiting instructions, one each for evidence admitted under Rule 404 and Rule 609, by noon on June 3.

5.  The Court notes for the record that the Government made an oral *Lafler/Frye* motion at the pretrial conference. The Court conducted a colloquy with Mr. Ruiz and his attorney Mr. Hossain and is satisfied that Mr. Ruiz was made aware of a plea deal and was sufficiently cognizant of its benefits to knowingly decline it.

6.  The Court preadmitted no exhibits and will address all exhibits at trial.

7. The Court addressed recent filings made under seal. Counsel for Mr. Ruiz represented the filings were made in error and will be corrected.

8. The Court, without objection, excused the following jurors for good cause:

- 0090
- 0230
- 0015
- 0025
- 0239
- 0078
- 0254
- 0147
- 0196
- 0209
- 0080
- 0199
- 0211
- 0082
- 0004
- 0171

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE