IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                                                          No. CR 21-1389 KG

SERGIO RUIZ,

     Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Defendant Sergio Ruiz's Motion to Suppress Photo

Array, filed May 5, 2022. (Doc. 55). The Motion requests both suppression of the photo array

as impermissibly suggestive and prohibition of any in-court identification by cooperating witness

Eric Weaver. *Id.* The Government timely responded. (Doc. 61).

The Court held a hearing on June 2, 2022. Present at the hearing were Assistant United

States Attorneys Joni Autrey Stahl and Randy Castellano. Also present was the Defendant,

Sergio Ruiz, and his attorneys, Greg Garvey and Imtiaz Hossain. The Court heard testimony

from Homeland Security Investigations Special Agent Juan Vargas regarding his interactions

with and his use of a photo array with Mr. Weaver. Reasoning that Mr. Weaver's identification

of Mr. Ruiz is reliable, the Court denied the Motion from the bench at the hearing. The Court

now finds and concludes the following, for the reasons stated on the record and elaborated

herein.

*I.     Findings of Fact*

The Court begins by noting that its findings of fact rely on the testimony of HSI Special

Agent Vargas, whom the Court found reliable and credible. Special Agent Vargas testified that

the witness at issue here, Mr. Weaver, agreed to cooperate with the Government by describing his source of drugs.  Special Agent Vargas met with Mr. Weaver on three occasions: in September 2020, in December 2020, and in March 2022.

Based on the first two interviews, Special Agent Vargas determined that Mr. Weaver met Mr. Ruiz on at least three different occasions between February and December 2020.  Each meeting was short, but Mr. Weaver was in close contact with Mr. Ruiz, close enough to be handed drug shipments.  Mr. Weaver described Mr. Ruiz as an older Hispanic male with grey hair, dressed cowboy style, and with some skin pigmentation issues on both arms resembling chemical burns.  He also described Mr. Ruiz's nickname, his truck, and his method of transporting drugs.  Mr. Weaver described Mr. Ruiz again, two years later, during the March 2022 interview, and his description was consistent.

During that third and last interview, after Mr. Weaver gave his verbal description, Special Agent Vargas then showed Mr. Weaver the photo array in question.  Special Agent Vargas told Mr. Weaver that the subject of the investigation "may or may not" be in the photo lineup.  Mr. Weaver "focused" on the photo of Mr. Ruiz but asked for a lighter photo.  After Mr. Weaver was provided a lighter photo, he confirmed that photo #5 in the array was the man who delivered him drugs.  Mr. Weaver expressed no doubt or uncertainty about the identification.

The lighter photo was a different photo.  Ex. 2.  It was lighter, taken from a slightly different angle, and a mask that Mr. Ruiz has around his neck in the first photo was removed. Otherwise, it had the same background and Mr. Ruiz wears the same clothes. It appears to be taken at the same place and roughly the same time as the first photo.

The array consists of six total photos, with Mr. Ruiz's photo in the center-bottom position.  Ex. 1.  All six photos depict similarly aged, apparently Hispanic men, five of whom

have facial hair of some kind.  All six photos have the appearance of mug shots.  Mr. Ruiz's

photo is different from the others in three ways: (1) it is darker, (2) it has a background with

horizontal stripes, and (3) he is wearing a mask around his neck.

*II.*     *Conclusions of Law*

Due process protects against admission of eyewitness identification where police have

arranged "impermissibly suggestive" identification procedures which "give rise to a very

substantial likelihood of irreparable misidentification." *Simmons v. United States*, 390 U.S. 377,

384 (1968).  Ultimately, "reliability is the linchpin" of the determination. *Manson v. Brathwaite*,

432 U.S. 98, 114 (1977).

The Tenth Circuit employs a two-part test to determine if a photo lineup is so suggestive

that it violates due process:

(1) First, the Court must find the array is impermissibly suggestive; and, if so,

(2) Second, the Court must find the identification is unreliable in view of the totality of the

circumstances.

*United States v. Sanchez*, 24 F.3d 1259, 1261 (10th Cir. 1994).  Both parts are mandatory, so the

suppression motion fails either if the Court find the array is not impermissibly suggestive or if it

finds the array is suggestive but that nonetheless the identification is reliable.

The Court concludes that the array leans towards not being impermissibly suggestive, but

that regardless, the Motion fails because the identification is reliable given the totality of the

circumstances.

To determine if an array is impermissibly suggestive, this Circuit considers these factors:

(1) the size of the array, (2) the manner of its presentation, and (3) the details of the photographs

themselves. *Sanchez*, 24 F.3d at 1262.  The number of photographs is not a substantive factor,

but instead goes to the weight of any irregularities. *Id.* The fewer photos used, the closer they should be scrutinized for irregularities. *Id.* at 1263. Six is sufficiently small to "weigh heavily" and require close scrutiny. *Id.*; *United States v. Worku*, 800 F.3d 1195, 1203 (10th Cir. 2015).

Mr. Ruiz's photo has three unique characteristics, all of which may be suggestive: it is darker than the rest, he has a mask around his neck, and it has horizontal lines in the background. The dark tone and the mask are insufficient to sustain a finding of suggestiveness. All the photos have a variety of clothes and brightness—though Mr. Ruiz's is darkest, it does not stand out as being in a category of its own, different from the rest. The lines in the background, on the other hand, are a notable distinction which make Mr. Ruiz's photo diverge from the rest. The Court, nonetheless, is persuaded that all the photos look like mug shots. Some have a gray background, some have a white background, and one has a patterned background, but they are all mug shots. And they all depict men of a similar age and characteristics. In all, the array is not impermissibly suggestive. *C.f.*, *Worku*, 800 F.3d at 1204 (concluding that while the lighting was slightly different, the array was not impermissible because all were color photographs and depicted Ethiopian men of similar ages); *also United States v. Bautista*, 23 F.3d 726, 731 (2d Cir. 1994) (concluding that Defendant's photo was slightly brighter and slightly more close up than the others, but each depicted a color photo of men roughly the same age in a frontal mug shot).

On the second step, the Supreme Court has laid out factors to consider whether, under the totality of the circumstances, an identification is reliable even though a confrontation procedure was suggestive. *See Brathwaite*, 432 U.S. at 114 (citing *Neil v. Biggers*, 409 U.S. 188, 199–200 (1972)). These factors include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal,

the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. *Id.*

Applying those factors, the Court concludes Mr. Weaver's identification of Mr. Ruiz is reliable. Mr. Weaver met Mr. Ruiz at least three different times at close enough range to hand items one to the other. Though the meetings were short, there is no evidence that they were rushed, high-stress, or frenetic. Rather, the evidence suggests Mr. Weaver had adequate time to observe Mr. Ruiz in calm circumstances. Mr. Weaver accurately described Mr. Ruiz physically, including distinctive attributes, in addition to accurately describing his vehicle. And, importantly, his description remained consistent over the course of years. Finally, despite the passage of that much time, Mr. Weaver's identification was without doubt or uncertainty. In conclusion, the Court determines that Mr. Weaver's identification is based in personal experience distinct from the photo array, is untainted by any suggestive characteristics of the photo array, and is reliable.

If the out-of-court identification is reliable, and any in-court identification is based on observations and experiences other than the lineup, then the in-court identification will also be allowed. *Cf. United States v. Klein*, 93 F.3d 698, 702 (10th Cir. 1996) (holding in-person identification permissible despite suggestive photo array where witness met personally with defendant for meth purchases three times and gave detailed descriptions of the defendant's physical characteristics).

For all these reasons, Mr. Weaver's identification of Mr. Ruiz, whether out-of-court or in-court, is admissible. Accordingly, the Motion is denied.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE