IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                    No. CR 21-1389 KG

SERGIO RUIZ,

    Defendant.

ORDER ON ADMISSIBILITY OF NICKNAME IDENTIFICATION

At trial on Monday, June 6, 2022, the United States elicited nickname identification of the Defendant, Sergio Ruiz, as "senor de llanta" or "tire man" from cooperating witness Eric Weaver. Mr. Weaver testified that during his first methamphetamine transaction with Mr. Ruiz, in which Mr. Weaver received a tire with methamphetamine packed inside, he met a woman at a park and "tire man" was sitting in her van. According to Mr. Weaver, the woman identified Mr. Ruiz as "tire man."

Defense counsel objected to this testimony on the basis of hearsay. The Government responded that the statement a) was not hearsay, and/or b) constituted an adopted admission of the Defendant, and/or c) constituted the statement of a coconspirator during and in furtherance of the conspiracy.

The Court overruled the objection and admitted the testimony during trial, and now enters this Order to further explain its reasoning.

As noted during the bench conference, the Court determines that the identification of Defendant as "tire man" was offered for its truth and constitutes hearsay.

Hearsay is "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted

in the statement." Fed. R. Evid. 801(c). Statements that are "offered against an opposing party" and "of which the party has manifested an adoption or belief in [their] truth" or were "made by the party's coconspirator during and in furtherance of the conspiracy" are not hearsay. Fed. R. Evid. 801(d)(2)(B), (E).

In deciding whether a party has "manifested an adoption or belief" in the truth of a statement under Rule 801(d)(2)(B), "[t]he Court determines the question under a preponderance-of-the-evidence standard." *United States v. Pulido-Jacobo*, 377 F.3d 1124, 1133 (10th Cir. 2004) (quoting *United States v. Harrison*, 296 F.3d 994, 1001 (10th Cir. 2002)).

Here, the Government presented sufficient evidence to show that Defendant manifested a belief in the truth of his identification as "tire man" by the woman during the first methamphetamine transaction with Mr. Weaver. Specifically, Mr. Weaver had the opportunity to observe Defendant at a close distance and Defendant did not contradict or otherwise disclaim his identification as "tire man." The Court finds the Government adequately established, by a preponderance of the evidence, that Defendant manifested an adoption or belief in his identification as "tire man." For these reasons, the statement is admissible under Rule 801(d)(2)(B).

As a separate basis to admit the identification, the Government argued the woman's statement was that of a coconspirator. To admit out-of-court statements by coconspirators under Rule 801(d)(2)(E), "the United States must demonstrate by a preponderance of the evidence that: (i) a conspiracy existed; (ii) the declarant and the defendant were members of that conspiracy; and (iii) the statements that the United States seeks to admit were made during the course and in furtherance of the conspiracy." *United States v. DeLeon*, 287 F. Supp. 3d 1187, 1240-41 (D.N.M. 2018) (citing *United States v. Sinclair*, 109 F.3d 1527, 1533 (10th Cir. 1997)). "In

making its preliminary factual determination as to whether a conspiracy exists, the court may consider the hearsay statement sought to be admitted, along with independent evidence tending to establish the conspiracy." *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996).

The Government sufficiently demonstrated, by a preponderance of the evidence, that Defendant was involved in a drug trafficking conspiracy: Customs and Border Protection officers testified that they found a tracker in Defendant's spare tire on the date of his arrest, and that such trackers are frequently found with drug loads; and Mr. Weaver testified that he obtained substantial quantities (40+ pounds each time) from Defendant on multiple occasions. Even without the woman's identification of Defendant as "tire man," these facts sufficiently establish the existence of a conspiracy and that Defendant was a member of that conspiracy. Mr. Weaver further testified that the woman was directly involved in his first transaction with Defendant, and indeed brought the tire from Defendant's truck to Mr. Weaver. This testimony sufficiently establishes, by a preponderance of the evidence, that the woman was also engaged in the conspiracy. Finally, the woman's statement came during that first drug transaction, which shows the statement was made during and in furtherance of the conspiracy. For these reasons, the statement is separately admissible under Rule 801(d)(2)(E).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE